REGINA N. HAMILTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hamilton v. Commissioner
Docket No. 3165-73.
United States Tax Court
T.C. Memo 1974-310; 1974 Tax Ct. Memo LEXIS 10; 33 T.C.M. (CCH) 1422; T.C.M. (RIA) 740310; December 16, 1974, Filed. Regina N. Hamilton, pro se. Thomas J. Meyer, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $11,425.20 in petitioner's income tax for 1966 and an addition to tax of $2,856.30 under section 6651(a) [1] for failure to file a return for that year. The issues to be resolved are: (1) the amount of petitioner's gain, if any, on the sale of certain shares of stock and (2) whether petitioner's failure to file a return was "due to reasonable cause." *11 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner had her legal residence at the time of the filing of the petition in this case at 5320 Far Hill Road, Indianapolis, Indiana. Petitioner did not file an individual Federal income tax return for the taxable year 1966, the period involved herein. Petitioner received as a gift in 1944 from her father, Maurice A. Neville, 125 shares of stock in the Western Indiana Aggregates Corporation (hereinafter "Western Indiana"). On April 20, 1966, petitioner received $5 from Martin-Marietta Corporation for an option to purchase her stock in Western Indiana. In early 1966, petitioner sold the aforesaid 125 shares of stock to Martin-Marietta Corporation. The selling price was $600 per share, or a total of $75,000. Respondent computed petitioner's basis in said 125 shares of stock at $20 per share and determined that petitioner realized a long-term capital gain of $72,505. ULTIMATE FINDING OF FACT The cost basis of petitioner's 125 shares of Western Indiana was $20 per share. OPINION Petitioner admittedly received a gift of 125 shares of stock of Western Indiana in 1944 from her father *12 (since deceased) and sold those shares to Martin-Marietta in 1966. The only question is how much gain she realized from the sale, which depends upon the cost basis of her father. Section 1015. The petitioner has the burden of proof as to this issue as well as to the issue involving the addition to tax under section 6651(a). See Rule 142(a), Rules of Practice and Procedure of this Court. Petitioner's primary effort at the trial was to bring to the Court's attention her assertions of discrimination in the transactions involving the sale of the shares to Martin-Marietta (including her unrealized expectation that she would be offered a tax-free exchange for her shares), persecution by the Internal Revenue Service, irregularities in the administration of her father's estate, and her personal hardships and difficulties with her family. The Court tried to make clear to petitioner that, whatever validity there might be to her assertions and however sympathetic the Court might be to her claimed plight, the matters which she sought to discuss were not pertinent to the issue to be decided and, indeed, the Court was without jurisdiction to consider them. Despite the Court's efforts, petitioner *13 persisted in her line of testimony and failed to produce any evidence whatsoever to establish a cost basis different from that determined by respondent; in fact, she frankly conceded that she had no such evidence and could not obtain any, except her general assertion that, based upon what she had heard her father say, his cost was at least $100 a share. The fact that, due to lapse of time, petitioner found it difficult and perhaps even impossible to produce any evidence to counteract respondent's determination [2] does not relieve her of her burden of proof. ; , affd. (C.A. 4, 1956). Similarly, other than a general assertion that she had been advised that she was not required to file a tax return for 1966, she offered no evidence to justify her failure to file a return. On the basis of the record before us, we are left with no alternative but to hold that petitioner has failed to sustain her burden of proof. [3]
*14 Consequently, Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in question. ↩
2. Respondent's determination of $20 a share was based on a document which appeared to be in the handwriting of petitioner's father. ↩
3. We note that, even if we were to accept petitioner's claim that her father paid $100 per share, her basis would be $12,500 and there would have been more than enough gain to require the filing of a return. ↩